[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner is in the custody of the Commissioner of Corrections as a result of his admitting to a violation of probation in the Judicial District of Fairfield at Bridgeport on July 10, 1996. He was sentenced to eight years to serve as a result of that admission. In addition, on July 15, 1996, the petitioner pleaded guilty to two counts of Burglary in the Third Degree in the Judicial District of Fairfield at G.A. #2. He was represented in G.A. #2 by Public Defender, John Forbes. As a result of his pleas, he was sentenced to five years on one count and three years on the second count to be served consecutively to the first count for an effective sentence of eight years concurrent with the sentence on the violation of probation.
As a result of the foregoing convictions, the Department of Corrections has computed the duration of petitioner's sentence by using the longer sentence of the G.A. #2 convictions as the basis for computing good time. Since these crimes were committed after October 1, 1994, the petitioner does not receive the good time credits he would receive if he were only held on the violation of probation charge.
It is the petitioner's claim that his plea to the burglary counts was based in part on his expectation that he would receive good time credits based on his violation of probation conviction, it being his understanding that his attorney, Mr. Forbes, assured him that he would be treated as being held for the probation CT Page 5092 violation for the purpose of good time credits.
The petitioner has a long history of felony convictions and is no stranger to the criminal justice system. He testified that he has no trouble with understanding the English language.
The petitioner alleges that he would not have pleaded guilty to the burglary charges except for "the representation of his attorney that the sentences imposed would be concurrent to the sentences [sic] imposed in the Judicial District of Fairfield in docket number CR88-028969, that the sentence imposed in docket number CR88-028969 would be the controlling sentence, and that he would retain all pre-sentencing jail credits and good time credits already earned."
Attorney Forbes, an experienced public defender and a very credible witness, stated that no such representation was made to the petitioner, and the court so finds.
This testimony of Attorney Forbes is reinforced by an examination of the transcripts of the plea canvass both on the violation of probation and the burglary charges. The transcript of the violation of probation canvass does not in any way suggest an expectation by the petitioner that that sentence would be the basis of computing good time. His attorney at that hearing states in part that, "He [petitioner] understands that the eight years does not include what he owes in Part B and does not cover any cases with Part B." At two places during the canvass, the petitioner was asked, "Do you have any questions? Is there anything you would like to ask the Court about?" In each case, the petitioner answered "No, Sir."
The transcript of the canvass on the burglary charges is consistent with Attorney Forbes explanation of how the word "controlling" was connected to the probation violation when he states, "And, I told Mr. Agueda on many occasions that his violation controlled the case to the extent that there's a lesser burden, that even though he protests his innocence and these are Alford pleas, the standard is much less in a violation of probation, and it would behoove him to make a deal." It is clear that Attorney Forbes' use of the word controlling was only related to the lesser burden of proof required in a violation of probation case and not to the computation of good time. Thus, there is no inconsistency between Attorney Forbes in court testimony and his earlier recorded statement at the plea canvass. CT Page 5093 It should also be noted that the petitioner at that canvass did not question the basis, if any, for good time credits.
Based on the foregoing, the petitioner has failed to sustain his burden of proving that the performance of Attorney Forbes fell below the standard of reasonable competence of attorneys of ordinary skill and training in the criminal law, and therefore it was reasonably probable that the results of the prosecution would have been different.
For the foregoing reasons, the petition for writ of habeas corpus is dismissed.
Stodolink, J.